UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LAWRENCE AND DONNA FENNEY | * * * | CIVIL ACTION NO. |
| VERSUS | * * | |
| | * | SECTION: |
| THE TRAVELERS INDEMNITY COMPANY | * * * | MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant The Standard Fire Insurance Company (incorrectly named as The Travelers Indemnity Company) ("Standard Fire") which, pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the above-captioned action, *Lawrence and Donna Fenney v.The Travelers Indemnity Company*, Civil Action No. 114 744, on the docket of the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana. In support of its Notice of Removal, Standard Fire respectfully represents the following:

1.  On October 29, 2009, Plaintiffs, Lawrence and Donna Fenney ("Plaintiffs"), commenced the captioned action by filing a Petition for Damages (the "Petition") in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana.

2. Service of the Petition was perfected upon Standard Fire, through the Louisiana Secretary of State, on January 29, 2010. This Notice of Removal is filed within 30 days of receipt of the Petition and Citation, and is therefore timely under 28 U.S.C. section 1446(b).

3. Pursuant to 28 U.S.C. §1446, a copy of all process, pleadings, and orders served upon Standard Fire in the state court action is attached hereto as Exhibit A. A copy of this Notice of Removal is being served upon all known counsel of record. A copy of the Notice to the Clerk of Court for the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, which has been filed in that Court, is attached hereto as Exhibit B.

## THE PETITION'S ALLEGATIONS

4. The Petition avers that Standard Fire issued an insurance policy to Plaintiffs that covered Plaintiffs' property located at 3312 Acorn Drive, Violet, Louisiana (the "Property"). Pet. at ¶ I.

5. The Petition further alleges that hurricane-related wind from Hurricane Katrina caused damage to the Property, including the home, related structures and contents, and that such hurricane-related wind is a covered peril under the Standard Fire policy. *Id*. at ¶¶ V, VI.

6. The Petition further alleges that Plaintiffs notified Standard Fire of their loss, but that Standard Fire failed to pay for all of the damages covered under the policy. *Id*. at ¶ VI.

7. The Petition further alleges that the Standard Fire policy "is subject to [the] Louisiana 'valued policy law,' as found in LRS 22:695"; that Standard Fire "placed valuation on Plaintiffs' covered property and used such valuation for the purpose of determining the premiums to be charged to Plaintiffs under the policy covering Plaintiffs' immovable property"; that Standard Fire "did not use a different method in the computation of the loss of the covered immovable property owned by Plaintiffs"; and that "[t]he policy issued by [Standard Fire] to

Plaintiffs did not set forth in type of equal size a different method which was actually used in the loss computation." *Id*. at ¶¶ VII-IX.

8. The Petition further alleges that Standard Fire is liable to Plaintiffs for bad faith penalties under (former) La. R.S. 22:658 and/or 22:1220, including penalties of double the amount due and/or fifty percent of the amount due plus attorneys' fees. *Id*. at ¶ X, XI.

9. Standard Fire does not admit the facts as alleged by Plaintiffs or as summarized above, nor does Standard Fire admit that La. R.S. 22:695 is applicable to this case. Standard Fire reserves any and all rights in this regard, and it expressly denies that it has any liability to Plaintiffs.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there is complete diversity to all parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## COMPLETE DIVERSITY EXISTS AS TO ALL PROPER PARTIES

11. The Petition expressly alleges that Plaintiffs are residents of Louisiana. *Id*. at ¶ I.

12. Standard Fire is organized under the laws of Connecticut with its principal place of business in Connecticut, and it is a citizen of the State of Connecticut for diversity purposes. *See* 28 U.S.C. 1332(c)(1).

13. Thus, complete diversity exists between Plaintiffs, Louisiana citizens, and Standard Fire, a Connecticut citizen.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

14. As required by Louisiana law, the Petition is silent as to the amount in controversy. Therefore, the removing party must "establish by a preponderance of the evidence

that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945 (2003).

15. The removing party can meet this burden by demonstrating that it is facially apparent from the petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy demonstrating that the amount in controversy exceeds $75,000. *Id.*; *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

16. The allegations of the Petition, supplemented only by basic information about the policy at issue and prior payments made on this loss, confirm that the amount in controversy in this suit exceeds $75,000.

17. The Petition alleges that the property suffered damage to the home, related structures and contents. Pet. at ¶¶ V, VI. In stating their claims for recovery, Plaintiffs expressly invoke Louisiana's "valued policy law," which is codified at La. R.S. 22:695. *Id*. at ¶ VII. That statute is pertinent only to instances where there is a "total loss" of the property insured. Where applicable, that statute requires an insurer to pay its insured policy limits for the insured property when the property is rendered a total loss. *See*, *e.g.*, La. R.S. 22:695; *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232 (5th Cir. 2007).

18. Indeed, the Petition includes two additional paragraphs of factual allegations directed to the issue of whether exceptions exist that would allow Standard Fire to avoid application of the Valued Policy Law in this case. Pet. at ¶¶ VIII, IX.

19. By invoking the Louisiana Valued Policy Law, Plaintiffs have placed the entire limits of liability in the policy at issue in this litigation.

20. Plaintiffs' homeowners insurance policy with Standard Fire, Policy No. 0G4446-018487388-633, under which Plaintiffs' claim is made, has building coverage limits of $99,000, other structures coverage limits of $9,900, personal property coverage limits of $69,300, and additional living expense coverage limits of 19,800. These limits provide a combined total limit of $198,000.

21. Standard Fire previously paid Plaintiffs for this loss a total of $38,296.27 under all coverages provided by the policy. This leaves a total of $159,703.73 in policy limits in dispute in this case.

22. In addition to that amount, the Petition also alleges that Standard Fire is liable for bad faith penalties and attorneys' fees. Pet. at ¶¶ X, XI. While Standard Fire denies it acted in bad faith, such attorneys' fees and penalties are properly included in determining the jurisdictional amount. *See See Albarado v. State Farm Mut. Auto. Ins. Co.*, No. 91-2036, 1991 WL 165733, at *1 (E.D. La. Aug. 20, 1991) (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met); *St. Paul Reinsurance*, 134 F.3d at 1253 (noting that attorneys' fees and penalties are included in determining jurisdictional amount when party could be liable for same under state law). These potential penalties and fees further establish that the $75,000 amount in controversy requirement is met.

23. Finally, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaint" stating that the damages are not more than the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state

pleadings." *De Aguilar*, 47 F.3d at 1412 n.10.  No binding stipulation or affidavit was filed with the Petition.

24. Accordingly, the amount in controversy exceeds $75,000.00 for diversity jurisdiction purposes and this Court possesses jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

**WHEREFORE**, Standard Fire hereby provides notice that this action is duly removed.

Dated this 26th day of February, 2010

Respectfully submitted,

*/s/ Joseph P. Guichet*
JOSEPH P. GUICHET, #24441
RALPH S. HUBBARD III, #7040
RACHEL A. MEESE, #29592
**LUGENBUHL, WHEATON, PECK,
   RANKIN & HUBBARD**
601 Poydras St., Suite 2775
New Orleans, LA 70130
Telephone:  (504) 568-1990
Facsimile: (504) 310-9195
**Attorneys for The Standard Fire Insurance Company**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid, this 26th day of February, 2010.

*/s/ Joseph P. Guichet*
JOSEPH P. GUICHET